# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| GERARD F. JACKSON | ) | |
| | ) | |
| Plaintiff | ) | Docket No. 2022 - 1732 |
| v. | ) | |
| | ) | Type of Case: CIVIL |
| SENIOR PLUS ADVISORS, LLC | ) | ___ Medical Professional Liability |
| | ) | Action (Check if applicable) |
| | ) | |
| Defendant | ) | |
| | ) | Type of Pleading: Plaintiff's |
| | ) | Complaint |
| | ) | |
| | ) | Filed on Behalf of: Plaintiff |
| | ) | |
| | ) | |
| | ) | Counsel of Record for this Party: |
| | ) | Jeremy C. Jackson, Esq. |
| | ) | |
| | ) | |
| PA 321557 | ) | PA I.D. Number |

2022 SEP 12 PH 3:06
JEREMY G. BREON
PROTHONOTARY
CENTRE COUNTY, PA

FILED FOR RECORD
FILED BY MAIL

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

GERARD F. JACKSON
                 Plaintiff  :  NO. 2022 - 1732

v.  :

SENIOR PLUS ADVISORS, LLC
                 Defendant  :

## NOTICE TO DEFEND

TO THE ABOVE NAMED DEFENDANT:

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Court Administrator
Centre County Courthouse
Bellefonte, PA 16823
Telephone: (814) 355-6727

2022 SEP 12 PH 3:06
JEREMY S. BREON
PROTHONOTARY
CENTRE COUNTY, PA
FILED FOR RECORD
FILED BY EMAIL

BOWER LAW ASSOCIATES, PLLC

By: _____
Jeremy C. Jackson, Esq.
Attorney for Plaintiff
403 South Allen Street, Suite 210
State College, PA  16801
(814) 234-2626 Telephone
(814) 237-8700 Facsimile
jjackson@bower-law.com
PA 321557

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

GERARD F. JACKSON
          Plaintiff    :    NO. 2022 - 1732

v.

SENIOR PLUS ADVISORS, LLC
          Defendant

### COMPLAINT

AND NOW, comes Plaintiff, Gerard Jackson by and through his undersigned counsel, Jeremy C. Jackson, Esq., and files this Complaint and states as follows:

### PARTIES

1. Plaintiff Gerard Jackson, does, and at all material times hereto did reside in State College, Centre County, Pennsylvania.

2. Defendant Senior Plus Advisors, LLC, formerly Pinnacle Consulting Group LLC, upon information and belief, is a duly registered Kansas limited liability company, which has a registered mailing address of 11225 College Blvd, Suite 230, Overland Park, KS 66210.

### JURISDICTION AND VENUE

3. Venue is proper because Plaintiff was at all material times located in Centre County, Pennsylvania when the violating telephone calls were made to him.

4. The Court has personal jurisdiction over Defendant because they have submitted to Pennsylvania jurisdiction by targeting Pennsylvanian citizens to market and sell its products.

JEREMY S. BREON
PROTHONOTARY
CENTRE COUNTY, PA
2022 SEP 12 PM 3:06
FILED FOR RECORD
FILED BY EMAIL

5. This action is brought pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, Pennsylvania's "Unfair Trade Practices and Consumer Protection Law", 73 P.S. § 201-1 *et seq.*, and Pennsylvania's "Telemarketer Registration Act" 73 P.S. § 2241 *et seq.*

6. This court has jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3), which reads, in part:

> "Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . . (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater"

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Defendant or Defendant's agent called Plaintiff's cellular telephone number (814-238-XXXX) at least thirteen (13) times.

8. Upon answering the aforementioned calls, listed in Paragraph 7, above, Plaintiff noted a long delay before being greeted by the caller.

9. The long delay described in paragraph 8, above gives Plaintiff reason to believe that Plaintiff's telephone was called using an Automated Telephone Dialing System ("ATDS") as defined by the TCPA.

10. Upon answering the aforementioned calls, listed in Paragraph 7, above, Plaintiff was marketed Medicare supplement insurance.

11. Plaintiff attempted to call back the telephone numbers which were transmitted to his telephone caller ID during the calls described in Paragraph 7, above, and heard a message that indicated that the number he dialed was not in service, which give Plaintiff

reason to believe that Defendant or Defendant's agent used caller ID "spoofing" by transmitting a false information to Plaintiff's caller ID.

12. Due to Defendant or Defendant's agent calling Plaintiff using caller ID "spoofing" and refusing to identify who they were calling on behalf of, Plaintiff was forced to engage with the caller and request an email to determine who was making these unwanted, harassing, intrusive, telemarketing calls to his cellular telephone despite Plaintiff's having registered his cellular telephone number on the Federal and Pennsylvania Do-Not-Call lists.

13. Plaintiff received an email from Defendant on May 27, 2020.

14. Plaintiff sent a reply email to the aforementioned email on May 28, 2020, and to a subsequent email to Defendant on October 25, 2020, requesting that his telephone number be placed on Defendant's do not call list and a written copy of Defendant's do not call policy be provided to Plaintiff, which Defendant has still not provided.

15. On July 27, 2020 Plaintiff's counsel sent Defendant an email notifying it of the unsolicited telemarketing calls it had made to Plaintiff and Plaintiff's claims for telemarketing violations, which Defendant acknowledged receiving.

16. Despite this notice to Defendant by Plaintiff's counsel, Defendant continued to make unsolicited telemarketing calls to Plaintiff using caller ID "spoofing".

17. This use of caller ID "Spoofing" forced Plaintiff to again request emails to confirm the source of these unsolicited telemarketing calls, Plaintiff receiving these additional emails from Defendant on October 24, 2020 and July 25, 2022 following unsolicited telemarketing calls to Plaintiff.

18. Plaintiff has been harmed by these calls. He was temporarily deprived of legitimate use of his phone during the sales calls, and his privacy was improperly invaded by the Defendants. Moreover, these calls injured Mr. Jackson because they were frustrating, obnoxious, annoying, a nuisance, and disturbed his solitude.

## TELEPHONE CONSUMER PROTECTION ACT SPECIFIC FACTS

19. This action is brought pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

20. This court has jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3).

> "Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State ..... (B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater"

21. Defendant's calls to Plaintiff were to Plaintiff's cellular telephone.

22. Plaintiff's cellular telephone number has been on the National Do Not Call Registry since at least May 21, 2004.

23. Defendant is not an organization exempt from the Telephone Consumer Protection Act ("TCPA").

24. Defendant's calls to Plaintiff was a "telephone solicitation" as defined by the TCPA.

25. Defendant's calls to Plaintiff was an "unsolicited advertisement" as defined by the TCPA.

26. Defendant never had an "established business relationship" with Plaintiff as defined by the TCPA.

27. Defendant never received "prior express written consent" to contact Plaintiff as defined by the TCPA.

### PENNSYLVANIA TELEMARKETER REGISTRATION ACT SPECIFIC FACTS

28. Plaintiff's cellular telephone number has been on the Pennsylvania Do Not Call Registry since at least April 1, 2018.

### COUNT I.
### CALLING A CELLULAR TELEPHONE WITH THE USE OF AN "AUTOMATIC TELEPHONE DIALING SYSTEM" ("ATDS"), 47 U.S.C. § 227(b)(1)(A)(iii)

29. Plaintiff incorporates by reference paragraphs 1 - 28 of this Complaint as though fully stated herein.

30. Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least thirteen (13) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

31. Plaintiff was statutorily damaged at least thirteen (13) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described in paragraph 7, above, in the amount of $500.00 for each of these calls.

32. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Gerard F. Jackson, demands judgment in his favor against Defendant Senior Plus Advisors, LLC, in an amount of $19,500.00, plus costs and any other remedy deemed appropriate.

## COUNT II:
## INITIATING A TELEPHONE SOLICITATION TO A TELEPHONE SUBSCRIBER WHO HAS REGISTERED HIS NUMBER ON THE NATIONAL DO-NOT-CALL LIST AT LEAST 31 DAYS PRIOR TO THE TELEPHONE CALL. 47 C.F.R. § 64.1200(c)(2)

33. Plaintiff incorporates by reference paragraphs 1 - 32 of this Complaint as though fully stated herein.

34. Plaintiff's telephone number has been registered on the National Do Not Call Registry since at least May 21, 2004.

35. Defendant called Plaintiff's telephone at least thirteen (13) times after Plaintiff's telephone had been registered on the National Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

36. Plaintiff was statutorily damaged at least thirteen (13) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described in paragraph 7, above, in the amount of $500.00 for each of the thirteen (13) telephone calls.

37. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Gerard F. Jackson, demands judgment in his favor against Defendant Senior Plus Advisors, LLC in an amount of $19,500.00, plus costs and any other remedy deemed appropriate.

## COUNT III:
## FAILURE TO PROVIDE WRITTEN DO-NOT-CALL POLICY AFTER DEMANDED. 47 C.F.R. § 64.1200(D)(1)

38. Plaintiff incorporates by reference paragraphs 1 - 37 of this Complaint as though fully stated herein.

39. Defendant did not provide a written policy "for maintaining a do-not-call list" after it was demanded in writing by Plaintiff in violation of 47 C.F.R. § 64.1200(d)(1).

40. Plaintiff was statutorily damaged under 47 U.S.C. § 227(c)(5)(B) by the Defendant in the amount of $500.00 per violation for failure to provide a written policy "for maintaining a do-not-call list" after written demand by Plaintiff to Defendant described in paragraph 14, above.

41. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Gerard F. Jackson respectfully requests that judgment be entered in his favor and against Defendant Senior Plus Advisors, LLC in an amount of $3,000.00, plus costs and any other remedy deemed appropriate.

## COUNT IV:
## MAKING SOLICITATIONS FOR SALES OF GOODS OR SERVICES OVER THE TELEPHONE WITHOUT FIRST CLEARLY, AFFIRMATIVELY AND EXPRESSLY STATING: THE IDENTITY OF THE SELLER; PENNSYLVANIA'S "UNFAIR TRADE AND PRACTICES AND CONSUMER PROTECTION LAW", 73 P.S. § 201-2(4)(XVII)(A)

42. Plaintiff incorporates by reference paragraphs 1 - 41 of this Complaint as though fully stated herein.

43. Defendant made solicitations for sales of goods or services over the telephone without first clearly, affirmatively and expressly stating the identity of the seller to Plaintiff, described in paragraph 12, above, a violation of 73 P.S. § 201-2(4)(XVII)(A).

44. Plaintiff was statutorily damaged at least thirteen (13) times by Defendant by the telephone calls described in paragraphs 7 and 12, above, in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

45. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

46. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Gerard F. Jackson respectfully requests that judgment be entered in his favor and against Defendants Senior Plus Advisors, LLC in an amount of $3,900.00 plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

### COUNT V:
### INITIATING AN OUTBOUND UNWANTED SOLICITATIONTELEPHONE CALL TO A PERSON AFTER THEY HAVE REGISTERED THEIR TELEPHONE NUMBER ON THE PENNSYLVANIA DO-NOT-CALL LIST, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT",
### 73 P.S. § 2245.2(A)

47. Plaintiff incorporates by reference paragraphs 1 - 46 of this Complaint as though fully stated herein.

48. Defendant initiated outbound telephone calls, listed in paragraph 7, above, to a Plaintiff when he had previously stated through his registration on the Pennsylvania Do-Not-Call list on April 1, 2018 and his registration on the Federal Do-Not-Call list that

he did not wish to receive any outbound telephone calls from Defendant, a violation of 73 P.S. § 2245(a)(2).

49. The statutory violation described in paragraph 45, ab8ve is also a statutory violation of the Pennsylvania Unfair Trade and Practices and Consumer Protection Law, 73 P.S. § 2246(a).

50. Plaintiff was statutorily damaged at least thirteen (13) times by Defendant by the telephone calls described in paragraph 7, above, in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

51. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

52. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Gerard F. Jackson, demands judgment in his favor against the Defendant Senior Plus Advisors, LLC, in an amount of $3,900.00, plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

### COUNT VI:
### BLOCKING OF CALLER IDENTIFICATION, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT" 73 P.S. § 2245.1

53. Plaintiff incorporates by reference paragraphs 1 - 52 of this Complaint as though fully stated herein.

54. Defendant or Defendant's Agent initiated outbound telephone calls, listed in paragraph 7 and 11, above, to a Plaintiff that contained false caller identification information, a violation of 73 P.S. § 2245.1.

55. The statutory violation described in paragraph 54, above is also a statutory violation of the Pennsylvania Unfair Trade and Practices and Consumer Protection Law, 73 P.S. § 2246(a).

56. Plaintiff was statutorily damaged at least thirteen (13) times by Defendant by the telephone calls described in paragraph 7 and 11, above, and additional times that maybe found through discovery in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

57. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

58. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Gerard F. Jackson, demands judgment in his favor against the Defendant Senior Plus Advisors, LLC, in an amount of $3,900.00, plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

## SUMMARY OF PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gerard F. Jackson respectfully requests that judgment be entered in his favor and against Defendant Senior Plus Advisors, LLC of $53,700.00, plus costs, and reasonable attorney fees, as follows:

1. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(c)(5)(B);

4. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(c)(5)(C);

5. Statutory damages of $100.00 for each and every violation of 73 P.S. § 201-9.2(a);

6. Treble damages for each violation determined to be willful and/or knowing pursuant to 73 P.S. § 201-9.2(a);

7. Costs and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a);

8. Any and all other relief that the Court deems just and proper.

BOWER LAW ASSOCIATES, PLLC

By: _____
Jeremy C. Jackson, Esq.
Attorney for Plaintiff
403 South Allen Street, Suite 210
State College, PA 16801
(814) 234-2626 Telephone
(814) 237-8700 Facsimile
jjackson@bower-law.com
PA 321557

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

GERARD F. JACKSON
        Plaintiff  :  NO. 2022 - _____

v.

SENIOR PLUS ADVISORS, LLC
        Defendant :

## VERIFICATION

I, GERARD F. JACKSON, verify that the statements made in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

September 12, 2022
DATE

                    Gerard F. Jackson, Plaintiff

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Counsel for Plaintiff

Signature: _____

Name: Jeremy C. Jackson, Esq.

Attorney No. (if applicable): 321557

Rev. 7/2018